**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:21-CV-00115-TBR-LLK**

**ERIC JASON EBELING**                                                       **PLAINTIFF**

**v.**

**COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eric Jason Ebeling brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's decision to deny his claim for Social Security disability benefits. [DN 1]. The Court referred the action to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636. [DN 11]. The Magistrate Judge recommended that the Court affirm the Commissioner's final decision and dismiss Ebeling's Complaint. [DN 16]. Subsequently, Ebeling filed an Objection to the Magistrate Judge's Findings of Fact and Conclusions of Law and Recommendation. [DN 17]. Having reviewed the Administrative Record, the parties' submissions, and the applicable law, the Court will **ADOPT** the Magistrate Judge's Report and Recommendation ("R&R"), [DN 16], and **OVERRULE** Ebeling's Objection, [DN 17]. The Court will enter a separate Judgment consistent with this Memorandum Opinion.

    **I.**      **Background**

On June 5, 2020, Ebeling filed a Title II application for disability insurance benefits. [DN 10 at 19]. After this claim was denied at the administrative level, Ebeling was granted a hearing in front of an Administrative Law Judge ("ALJ") on March 31, 2021. *Id.* The ALJ denied Ebeling's claim in a decision dated May 3, 2021. *Id.* at 31. Using the traditional five-step evaluation for

1

disability benefits, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ made the following findings: First, Ebeling has not engaged in substantial gainful activity since April 1, 2020. *Id.* at 22. Second, Ebeling has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, osteoarthritis, left elbow cubital tunnel, right elbow ulnar collateral ligament sprain, degenerative joint disease of the knees, history or traumatic brain injury, post-concussion syndrome, history or seizure disorder, migraines, depressive disorder, and post-traumatic stress disorder (PTSD). *Id.* Third, Ebeling's impairments do not satisfy the clinical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* Fourth, Ebeling has the residual functional capacity ("RFC") to perform light work, with a few limitations, but he is not capable of performing any past relevant work. *Id.* at 24, 29. Finally, the ALJ concluded that Ebeling was not disabled because based on his "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 29–30.

On June 14, 2021, the Appeals Council denied Ebeling's request for review of the ALJ's decision. [DN 14 at 2]. Ebeling then filed a Complaint with this Court for judicial review of the Commissioner's decision to deny his claim for Social Security disability benefits. [DN 1].

## II. Legal Standard

It is well-settled that the Court reviews the objected-to portions of a report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Its review of the Commissioner's determination is, of course, more deferential. *See* 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The scope of that inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir.

2016) (quoting *Blakley*, 581 F.3d at 405–06). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if substantial evidence also supports the opposite conclusion, *see Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011). "[H]owever, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**III.    Discussion**

As recited above, the scope of this Court's inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards." *Miller*, 811 F.3d at 833. Thus, the Court will address the arguments of Ebeling's Objection as they apply within this inquiry. First, Ebeling contends that the ALJ did not properly evaluate the opinion evidence of Dr. James Staudenmeier. [DN 17 at 1]. Second, Ebeling asserts that there was no logical bridge between the record and the rejection of Dr. Staudenmeier's opinion evidence. *Id.* Essentially, the sole issue for this Court to consider is whether the ALJ sufficiently articulated the conclusion that Dr. Staudenmeier's opinion evidence was unpersuasive—as is required by the new regulations regarding medical opinions.

3

Since the disability claim at issue was filed after March 27, 2017, the new rules for weighing medical opinions apply. *See* 20 C.F.R. § 404.1520c. The Magistrate Judge summarized the rules in relevant part:

> The Commissioner (ALJ) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). The ALJ need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive an ALJ will find a medical opinion to be. 20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion is with the evidence from other medical sources and nonmedical sources, the more persuasive an ALJ will finding a medical opinion to be. 20 C.F.R. § 404.1520c(c)(2). An ALJ may, but is not required to, explain how the ALJ considered the factors in paragraphs (c)(3) through (c)(5). 20 C.F.R. §§ 404.1520c(b)(2)-(3).

[DN 16 at 4]. The Magistrate Judge found that the ALJ's reasoning for finding Dr. Straudenmeier's opinions unpersuasive "comported with the new rules for weighing medical opinions, which apply in this case." [DN 16 at 5]. Ebeling objected to this conclusion, arguing that the Magistrate's "blanket statement … failed to properly address the legal sufficiency of the explanation." [DN 17 at 1]. In support of this argument, Ebeling argues that the Magistrate failed to address both the ALJ's error in "cherry-picking and mischaracterizing evidence," and Ebeling's VA disability rating. [DN 17 at 2]. He further contends that the Magistrate Judge's discussion regarding the check box form used by Dr. Staudenmeier was a *post hoc* rationalization, because the ALJ did not reject his opinion evidence based on the use of that form. *Id.*

Courts in the Sixth Circuit have held that though the new regulations are less demanding than previous rules regarding the weight of medical opinions, ALJ's must adequately articulate the reasoning behind their determination. *See Gavre v. Comm'r of Soc. Sec.*, No. 3:20-CV-551-DJH-CHL, 2022 WL 798035 (W.D. Ky. Mar. 15, 2022) ("[T]hese regulations, although 'less

demanding' in deferring to treating-provider opinions, 'still require that the ALJ provide a coherent explanation of [her] reasoning.'") (internal citations omitted); *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900 (E.D. Mich. 2021) ("The administrative adjudicator has the obligation in the first instance to show his or her work, i.e., to explain in detail *how the factors actually were applied* in each case, to each medical source. Resorting to boilerplate language to support a finding of unpersuasiveness does not satisfy that obligation." (emphasis in original)); *Bryson v. Comm'r of Soc. Sec.*, No. 3:20-CV-667-CHB, 2022 WL 945318 (W.D. Ky. Mar. 29, 2022) ("[I]f the ALJ's RFC determination conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.") (citation omitted).

The Eastern District of Michigan remanded a case where the ALJ failed to properly articulate the reasoning for finding two treating physicians' medical opinions unpersuasive. *See Hardy*, 554 F. Supp. 3d at 909. The first physician, Dr. Carey, opined that Hardy had "serious mental limitations as to maintaining regular attendance, sustaining an ordinary work routine, and working in coordination with others." *Id.* at 906. Specifically, Dr. Carey concluded, among other things, that Hardy "was unable to meet competitive standards for completing a work day and work week without interruptions from psychologically based symptoms." *Id.* Despite these limitations, the ALJ dismissed this opinion stating that "Dr. Carey's form statement was unpersuasive; it lacked support in Dr. Carey's own contemporaneous treatment documentation or elsewhere in the record." *Id.* The second physician, Dr. Trotinskaia concluded, among other things, that Hardy "was unable to lift or carry any amount of weight in a competitive work environment." *Id.* The ALJ, however, concluded that "Dr. Trostinkaia's form statement was overly sympathetic to claimant and otherwise unpersuasive." *Id.* at 07. The *Hardy* court found the ALJ's explanation to be in error because "she did not refer to any of the[] medical findings in the record. She did not explain why

5

she chose to accept the findings that undercut the opinions and then reject the findings that supported them." *Id.* Consequently, the court held that "[t]he boilerplate invocation of the rules does not permit an assessment on review of whether she considered 'the record taken as a whole.' It cannot be said, therefore, that substantial evidence supports the determination that the opinions of the plaintiff's regular treating doctors were unpersuasive." *Id.* at 909.

Conversely, in the present case, Dr. Staudenmeier—Ebeling's treating psychiatrist—opined, among other things, that Ebeling exhibited signs of severe mental health impairment, that he was unable to maintain a work routine without frequent breaks for stress related reasons, that he would require inordinate supervision at work, and that he would not be able to maintain a work schedule without frequently missing due to psychological issues. [*See* DN 10 at 683–8 ]. Dr. Staudenmeier also stated that Ebeling's return to "any significant work" was not foreseeable "due to the severity of his PTSD/Depressive and post-concussive Syndrome." *Id.* at 697. The ALJ dismissed Staudenmeier's opinion evidence by stating:

> This opinion is not persuasive because it is not supported by the record as a whole. Although Dr. Staudenmeier's treatment notes document baseline symptoms with occasional exacerbations, he appears to work on his vehicles and has taught motorcycle riding classes during the relevant period. Furthermore, his medication appears to help with symptoms and he has not been hospitalized for any mental reason. In addition to the other evidence detailed previously in this decision, the overall record supports no more than moderate limitations in each of the four areas of mental functioning. It is noted that the mental portion of the residual functional capacity (RFC) in the current decision contains more limitations than the RFC in the prior ALJ decision, thus sufficiently accounting for his reported worsening. (Exhibit B4F).

*Id.* at 25. This rejection—though not as detailed as Ebeling would have liked—provides adequate explanation for the ALJ's determination and far more explanation than that provided in *Hardy*. The ALJ provides a boilerplate statement that Dr. Staidenmeier's opinion "is not supported by the record as a whole." This language alone does not satisfy the ALJ's obligation to provide an

6

explanation, however, it does explain that her determination was made by comparing Dr. Staidenmeier's opinion with the rest of the material in the record.

The ALJ articulated her conclusion by discussing materials from the record that she considered relevant and inconsistent with Dr. Staudenmeier's opinion regarding Ebeling's ability to work. This included Ebeling's work on vehicles, his ability to teach motorcycle riding classes, his lack of hospitalization for mental reasons, and the benefits he has seen from prescribed medication. Additionally, the ALJ references a previous section of her opinion containing a detailed discussion of the medical records supported by citations which makes her determination sufficiently clear and enable meaningful review by this Court. *See Bryson v. Comm'r of Soc. Sec.*, No. 320CV00667CHBCHL, 2022 WL 1134292 at *9 (W.D. Ky. Feb. 2, 2022), *report and recommendation adopted*, No. 3:20-CV-667-CHB, 2022 WL 945318 (W.D. Ky. Mar. 29, 2022). The ALJ may not have explicitly used the term "supportability" from the updated regulations, but it is implied in her reasoning. The ALJ found Dr. Staudenmeier's opinion unsupported based on the fact that she found material from his own notes that did not support his finding. Ebeling accuses the ALJ of "cherry-picking and mischaracterizing evidence," but upon review of all relevant material, the Court finds no such proof. Ebeling's arguments regarding his VA status is also irrelevant in this determination. The ALJ is not required to discuss every detail presented in the "voluminous case records" nor does she need to explain her evaluation of each portion of a medical source's opinion. *See* 20 C.F.R. § 404.1520c(b). In the present case, the ALJ discussed the materials she found to be not only supported, but consistent with the record as a whole. She did this by contrasting Dr. Staudenmeier's opinion with the vast record as a whole, as well as Dr. Staudenmeier's own examination observations that supported the ALJ's decision. The Court finds that the ALJ did abide by the correct legal standards.

In disability cases, "[i]f substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). After review of the record, the Court finds that the ALJ present substantial evidence in support of her determination. Accordingly, the Magistrate Judge's Report and Recommendation is adopted and Ebeling's objection must be overruled.

### IV.   Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED**: the Magistrate Judge's Report and Recommendation, [DN 16], is **ADOPTED**; Ebeling's Objection, [DN 17], is **OVERRULED**. The ALJ's decision is affirmed, and the case is dismissed. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 28, 2022

cc: Counsel